Jeannette M. BAILEY, Plaintiff,

v.

SECRETARY OF the UNITED STATES DEPARTMENT OF LABOR, Defendant.

No. A92–741 Civ.

United States District Court, D. Alaska.

Jan. 19, 1993.

David Rankine, McNall & Associates, Anchorage, AK, for plaintiff.

Elizabeth O'Leary, Asst. U.S. Atty., Anchorage, AK, for defendant.

## ORDER

(Motions for Summary Judgment)

HOLLAND, Chief Judge.

The court now has before it for decision the parties' cross-motions for summary judgment.[1] Each of the motions is opposed. Oral argument has not been requested by the parties and is not deemed necessary.

This case is appropriate for decision on motion for summary judgment. The facts material to a disposition of this case are not in dispute. Rule 56(c), Federal Rules of Civil Procedure.

Plaintiff holds two government contracts, one for the hauling of mail to Delta Junction, Alaska, and the other to provide shuttle bus service on Fort Wainwright, Alaska (a military installation). The contracts were awarded respectively by the United States Postal Service and the Department of Defense. Both contracts are subject to the Service Contract Act, 41 U.S.C. § 352, and the Fair Labor Standards Act, 29 U.S.C. §§ 201–219. Plaintiff employs approximately ten individuals under both contracts. The contracts have approximately one year to run.

Defendant examined plaintiff's payroll accounts for the purpose of reviewing compliance with federal labor laws. Defendant determined that plaintiff was out of compliance. The parties disagreed on this point and were unable to resolve their disagreement administratively. As a consequence defendant demanded the deposit of the full estimated shortage—$98,271. When this sum was not forthcoming, defendant directed that the contracting agencies withhold the entirety of any further payments due plaintiff for performance of her contracts until the $98,271 had been collected. The contracting agencies complied.

Payments under the two contracts flow to plaintiff at the rate of about $20,000 per month. With the suspension of these payments, plaintiff's employees went unpaid in November of 1992 for work performed in October of 1992. On December 18, 1992, the court entered a preliminary injunction which resulted in plaintiff's October payroll being met. So far as the record reflects, plaintiff's November and December payrolls have not yet been met. As reflected by the affidavit of plaintiff's counsel who is working with plaintiff's creditors, the collapse of plaintiff's business for non-payment of wages, mortgage payments, rent, fuel, insurance and so forth is imminent.

It is undisputed that plaintiff received no due process hearing by a neutral decision maker prior to suspension of the payments due her for contract work performed for the government. While the Department of Labor has commenced an administrative proceeding against plaintiff, it is undisputed that these proceedings will take from six months to a year to reach a conclusion as to whether or not plaintiff was in fact underpaying her employees and, if so, in what amount.

It is undisputed that without the cash flow from these contracts, plaintiff will not be able to continue to perform the contracts. She will in substance be put out of business; and the ten employees who are employed under the two contracts in question will be out of work.

In order to recover immediately (and hold for six months to a year) the sums of money arguably due plaintiff's employees, defendant has come perilously close to destroying plaintiff's business and, in the process, terminating the jobs of the ten employees who defendant would theoretically

---

1. Plaintiff's Motion for Summary Judgment, filed December 7, 1992 (Clerk's Docket No. 4);

Defendant's Motion for Summary Judgment, filed December 15, 1992 (Clerk's Docket No. 8).

benefit—six months to a year from now. Defendant applies the letter of the law but in the process would force plaintiff's employees to find other work.

Much as the court doubts the wisdom of the defendant's administrative decision in this case, that is not the question before the court. The question raised by this case is whether or not the defendant's conduct deprived plaintiff of her rights to due process under the Fifth Amendment of United States Constitution. The court concludes that on the facts of this case, the plaintiff has been denied due process.

Defendant's orders to the United States Postal Service and the Department of Defense to withhold the entirety of plaintiff's contract payments constituted a seizure. In this district, such a seizure is unconstitutional. *Alyeska Pipeline Svc. Co. v. Bay Ridge*, 509 F.Supp. 1115 (D.Alaska 1991). In order to provide plaintiff with due process, it was necessary that plaintiff be afforded a prior hearing before a neutral fact finder or, where there are exigent circumstances demanding immediate seizure (not so in this case), one in plaintiff's position must be provided a prompt post-seizure hearing before a neutral decision maker. In this case neither has occurred.

The court concludes that plaintiff's rights to due process under the Fifth Amendment to the United States Constitution have been violated. Plaintiff's motion for summary judgment is granted. Defendant's cross-motion for summary judgment is denied.

1. Defendant and all employees of the United States Department of Labor as well as any others acting in concert with them or at their direction are herewith enjoined from withholding any further contract payments due plaintiff under the two government contracts herein above described unless and until plaintiff is afforded a due process hearing.

2. The Clerk of Court shall forthwith disburse to David Rankin, in trust for Jeannette M. Bailey, all remaining funds previously deposited in accordance with the court's Order for Preliminary Injunction, filed December 18, 1992 (Clerk's Docket No. 11), on deposit in the registry of the court.

3. The Clerk of Court shall enter judgment as reflected by paragraphs one and two above.

In the light of the foregoing, defendant's motion for modification of the court's preliminary injunction is moot and is therefore denied.